WICKER, Judge.
Andrew Kelly appeals his sentence following guilty pleas to simple burglary, La. R.S. 14:62, and to the habitual offender law, La.R.S. 15:529.1. He asks this court to examine the record for errors patent and reverse his conviction and sentence. The state asks us to correct Kelly’s sentence to give him credit for time served. We affirm the conviction and amend the sentence.
After withdrawing his original not guilty plea to simple burglary, Kelly entered a plea of guilty. The trial judge sentenced him to four years at hard labor. Four days later, the state filed a multiple offender bill, to which Kelly also pleaded guilty. The trial judge resentenced him to four years at hard labor, without benefit of parole, probation, or suspension of sentence. The judge also ordered that this sentence be concurrent with any imposed as a result of Kelly’s parole violation.
Errors patent, which can be considered on appeal under the provisions of La.C.Cr.P. art. 920, consist of “error[s] that [are] discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.” In reviewing the record, we are to look at the caption, the time and place of holding court, the indictment or information and its endorsement, the arraignment, the defendant’s plea, the bill of particulars, the impaneling of the jury, the minute entry reflecting sequestration in capital cases, the verdict, and the judgment or sentence. State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Rogers, 519 So.2d 246 (La.App. 5th Cir.1988). Where there is a guilty plea involved, we also look at whether or not the defendant was properly advised that his guilty plea waives the privilege against self-incrimination, the right to a jury trial, and the right to confront one’s accusers, which advice is mandated by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). State v. Godejohn, 425 So.2d 750 (La.1983).
The only patent errors are in Kelly’s sentencing. Since none of the errors involve the trial judge’s sentencing discretion, we are empowered to correct them. State v. Fraser, 484 So.2d 122 (La.1986).
As a second felony offender, Kelly is not eligible for either probation or suspension of sentence since fewer than five years had passed between his first and second convictions. La.C.Cr.P. art. 893. He is “eligible for parole cpnsideration upon serving one-half of the sentence imposed,” La.R.S. 15:574.4A(1); and we correct his sentence in this respect. See State v. Walter, 514 So.2d 620 (La.App. 4th Cir.1987). In addition, his commitment and sentence indicate that Kelly’s sentence is to be concurrent with any imposed as a result of his probation revocation. The record and the judge’s sentencing remarks make it clear, however, that Kelly’s pending revocation involved a parole and not a probation violation. Therefore, we also correct the sentence and commitment to reflect the actual facts. Finally, although the sentence and trial judge’s remarks made it clear that Kelly was to receive credit for time served, this is not included in Kelly’s commitment. We make this additional correction.
Accordingly, we amend Andrew Kelly’s sentence to four years at hard labor without benefit of parole or suspension of sen *813 tence, the first half of the sentence to be without benefit of parole, this sentence to be served concurrently with any imposed as a result of Andrew Kelly’s parole revocation, with Andrew Kelly to be given credit for time previously served.
AFFIRMED AS AMENDED.