BOWES, Judge.
The defendant, Tyronne Anderson, appeals his conviction and sentence for illegal possession of stolen things and possession of a firearm by a convicted felon. We affirm as follows.'
Tyronne Anderson was charged by bill of information with two counts of simple bur *190 glary of an inhabited dwelling (LSA-R.S. 14:62.2) and one count of possession of a firearm by a convicted felon (LSA-R.S. 14:95.1) on January 12, 1989. The defendant was arraigned on March 1, 1989 and he pled not guilty to the charges.
On May 25, 1989, defendant pled guilty to possession of stolen property with a value over $100.00 and under $500.00 (LSA-R.S. 14:69) and also possession of a firearm by a convicted felon. He was sentenced to two years at hard labor for the possession of stolen property conviction and seven years at hard labor without benefit of parole, probation or suspension of sentence for the possession of a firearm by a convicted felon conviction. These sentences were ordered to be served concurrently.
On May 31, 1989, the defendant filed a pro se pleading designated as both a motion for appeal and an application for supervisory writs with this court. This Court granted the application for the limited purpose of transferring the motion to the district court to be handled as a timely-filed appeal and for a hearing to determine whether the defendant has made an informed waiver of his right to counsel.
Pursuant to the writ, on June 27, 1989, the district court ordered that defendant’s motion for appeal be handled as a timely-filed appeal, ordered that a hearing be granted to determine whether the defendant made an informed waiver of his right to counsel and ordered that the Indigent Defender Board represent the defendant at the hearing.
On September 13, 1989, a hearing was held and the district court ordered that a member of the Indigent Defender Board be appointed to represent the defendant for his appeal.
Assigned as error are any and all errors patent on the face of the record.
We have reviewed the record for errors patent in accordance with guidelines in State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Schneider, 542 So.2d 620 (La.App. 5 Cir.1989).
Where there is a guilty plea involved, we also look at whether or not the defendant was properly advised that his guilty plea waives the privilege against self-incrimination, the right to a jury trial, and the right to confront one’s accusers, which advice is mandated by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). State v. Godejohn, 425 So.2d 750 (La.1983). State v. Kelly, 537 So.2d 811 (La.App. 5 Cir.1989).
In the present case, the transcript of the plea and sentencing shows that the trial judge conducted a colloquy with the defendant before accepting his guilty plea. The judge explained the nature of the crimes to the defendant and the consequences of his guilty plea, including his possible sentencing exposure and the actual sentence which would be imposed upon acceptance of his guilty plea. The judge ascertained that the defendant had been advised by his attorney of his right to trial by jury, right to confront his accusers and right against self-incrimination, and that the defendant had been informed that by pleading guilty he was waiving those rights. The defendant consistently indicated that he understood the consequences of his guilty plea and was pleading guilty of his own volition. The defendant’s attorney indicated to the court that she had advised the defendant of his rights and that she was satisfied that he acted knowingly, intelligently and voluntarily in pleading guilty. A waiver of rights form signed by the defendant, his attorney and the judge, contained in the record also indicates that the defendant understood his constitutional rights and that by pleading guilty he was voluntarily waiving those rights. A review of both the record and the transcript indicate that the defendant was properly “Boykinized.”
We note the following errors, however. After the original bill of information was filed, on January 12, 1989, the bill was amended by the district attorney. The amended bill dismissed count one (the first charge of simple burglary) and amended count two (the second simple burglary charge) to a violation of LSA-R.S. 14:69 (Possession of stolen property valued over *191 $100 and under $500). The amendments were written and signed by the district attorney and dated “6/25/89.” The record shows that it was on May 25, 1989, that the defendant pled guilty. The waiver of rights form is signed and dated by the defendant, his attorney, and the trial court on “5/25/89”; and the waiver form clearly shows the charges as violations of LSA-R.S. 14:69 and 14:95.1. The transcript shows that defendant’s counsel stated at the beginning of the colloquy:
“At this time [defendant] would like to withdraw his former plea of not guilty and enter a plea of guilty to the amended charge of possession of stolen property on the first count between a hundred and five hundred dollars and the second count of possession of a gun by a convicted felon.” (Emphasis supplied)
The writ taken by the defendant to this court on his conviction and sentence was dated May 31, 1989. It is apparent from these facts that the district attorney made a clerical error in designating the date of “6/25/89”, instead of “5/25/89” on the amendments to the bill of information.
... it remains a mandate in the law to draft indictments in such a manner that they satisfy the constitutional right of the accused to “be informed of the nature and cause of the accusation against him” (La.Const. art. 1 § 10), and, at the same time, requirements for drafting the indictment should not create technical traps for district attorneys. State v. Scott, 278 So.2d 121 (La.1973).
The Louisiana Constitution of 1974 in Article 1 § 13 provides that an accused in a criminal prosecution shall be informed of the nature and cause of the accusation against him. An information is a written accusation of crime. LSA-C. Cr.P. art. 384. It must inform the defendant of the statutory basis of his offense. State v. Gainey, 376 So.2d 1240 (La., 1979). However, clerical errors in statutory citations do not warrant reversal of convictions. State v. Hamilton, 297 So.2d 419 (La., 1974). If an indictment states the essential facts of an offense charged, an error or omission in the statutory citation does not require reversal of a conviction if the error or omission did not mislead the defendant to his prejudice. LSA-C. Cr.P. art. 464. State v. Johnson, 404 So.2d 239 (La.1981).
See also State v. Russell, 397 So.2d 1319 (La.1981), in which a clerical error did not void the defendant’s conviction since it worked no prejudice on the defendants, where the bill of information adequately informed the accused.
In the present case, the clerical error clearly works no prejudice against the defendant, inasmuch as he was plainly informed of the charges against him as evidenced in both the colloquy transcript and waiver forms. While the record discloses no basis for reversal on this issue, the bill must be corrected to show the correct date of “5/25/89” or “May 25, 1989”, as the date the bill was amended, and we so order the amendment.
The second error involves the commitment of defendant which shows that defendant pled guilty to:
“14:69 & 14:951 .
Ct. 2) Possession of stolen property of a value over $100 and under $500
Ct. 3) Illegal carrying of a weapon by a convicted felon
Ct. 1) State dismissed”
But, goes on to state that defendant was sentenced to two years on Count 1 and seven years on Count 2 (to run concurrently). The minute entry displays the same sentence. The transcript shows that defendant was indeed sentenced to seven years on the charge of illegal carrying of a weapon by a convicted felon and two years on the possession of stolen property charge, receiving no sentence on the dismissed charge. Where there is a discrepancy between the minute entry and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983); State v. Richard, 525 So.2d 1097 (La.App. 5 Cir.1988). Accordingly, we shall order that both the sentencing minute entry and the commitment be amended to reflect that the defendant was sentenced to two years at hard labor on Count 2 as amended, possession of stolen property, and seven years at hard labor *192 without benefit of probation, parole or suspension of sentence on Count 3, illegal possession of a firearm by a convicted felon, and, as the trial court decreed, the sentences are to run concurrently. Defendant is to be given credit for time served.
There are no other errors patent on the face of the record.
For the foregoing reasons, the defendant’s conviction and sentence are affirmed. The bill of information is corrected to reflect that the amendments were made on May 25, 1989; further, the commitment and minute entry are amended to reflect that defendant was sentenced to imprisonment at hard labor for two years on Count 2 as amended on May 25, 1989, and seven years on Count 3 to run concurrently without benefit of probation, parole, or suspension of sentence, with defendant given credit for time served.
AMENDED AND AFFIRMED.