798 So.2d 191 (2001)
STATE of Louisiana
v.
Rudolph VARNADO.
No. 01-KA-367.
Court of Appeal of Louisiana, Fifth Circuit.
September 13, 2001.
Bruce G. Whittaker, Louisiana Appellate Project, New Orleans, LA, Attorney for Appellant Rudolph Varnado.
Paul D. Connick, Jr., District Attorney, 24th Judicial District, Parish of Jefferson, State of Louisiana, Terry Boudreaux, Appellate Counsel, Cameron Mary, Trial Counsel, Assistant District Attorney, Gretna, LA, Attorneys for Appellee State of Louisiana.
*192 Panel composed of Judges JAMES L. CANNELLA, WALTER J. ROTHSCHILD and JAMES C. GULOTTA, Pro Tempore.
CANNELLA, Judge.
Defendant, Rudolph Varnado, appeals from his conviction of unauthorized use of a motor vehicle and his sentence as a habitual offender to five years imprisonment at hard labor. For the reasons which follow, we affirm and remand.
The Defendant was employed as a truck driver at Dynamic Industries in Harvey, Louisiana. Michael Thrasher (Thrasher) was his supervisor. On Friday, June 16, 2000, the Defendant was assigned the task of driving other employees to Cameron, Louisiana for work offshore. Cameron is approximately 252 miles from Harvey. The Defendant left with the crew early in the morning. Thrasher discovered that the crew had been dropped off at about 1:00 p.m. He contacted the Defendant at about 4:00 p.m. on the afternoon of June 16, 2000 and the Defendant told him that he would be back to the shop at about 7:00 p.m. The Defendant did not show up that evening. The following day, Thrasher and the dispatcher repeatedly tried to contact the Defendant through the company pager which he carried and the company cellular phone. The Defendant did not respond. On Sunday, June 18, 2000 the company vehicle was reported stolen. Later that afternoon, at about 3:00 p.m., the Defendant returned to the Harvey office with the company vehicle. There was no evidence that the Defendant knew the company vehicle had been reported stolen. The shop foreman called the police and they came out and arrested the Defendant. Thrasher admitted that the vehicle was in good condition and that the mileage on the vehicle was reasonable for the assigned company-related trip.
The Defendant was originally charged by bill of information with the unauthorized use of a movable. La. R.S. 14:68. The bill of information was later amended to charge the Defendant with the unauthorized use of a motor vehicle. La. R.S. 14:68.4. The Defendant was arraigned and entered a plea of not guilty. Trial was held before a six person jury on October 16 and 17, 2000 and the Defendant was found guilty as charged. On December 14, 2000 the Defendant was sentenced to five years imprisonment at hard labor. The Defendant was, thereafter, charged as a habitual offender and, upon entering a plea of guilty as a second felony offender, the original sentence was vacated and he was re-sentenced to five years imprisonment at hard labor. The Defendant appeals and assigns two errors.

ASSIGNMENT OF ERROR NUMBER ONE
By this assignment of error the Defendant argues that the evidence was insufficient to support the verdict. More particularly, the Defendant argues that the jurisprudence requires some proof of criminal or fraudulent intent before a guilty verdict can be rendered for this offense and there is no such proof in the record. The State argues that the evidence was sufficient.
The constitutional standard for testing the sufficiency of the evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt.
La. R.S. 14:68.4 defines the unauthorized use of a motor vehicle as follows:

*193 Unauthorized use of a motor vehicle is the intentional taking or use of a motor vehicle which belongs to another, either without the other's consent, or by means of fraudulent conduct, practices, or rep-resentations, but without any intention to deprive the other of the motor vehicle permanently.
While there are few reported cases interpreting La. R.S. 14:68.4, we find that the jurisprudence interpreting La. R.S. 14:68, the unauthorized use of a movable, is equally applicable to the provision involved herein because the statutes proscribe the same conduct. State v. Spencer, 97-811 (La.App. 5th Cir.1/27/98), 707 So.2d 119.
The unauthorized use of a movable is defined in La. R.S. 14:68, in an identical manner to the unauthorized use of a motor vehicle in La. R.S. 14:68.4, as "the intentional taking or use of a movable which belongs to another, either without the other's consent, or by means of fraudulent practices, or representations, but without any intention to deprive the other of the movable permanently."
In State v. Bias, 400 So.2d 650 (La.1981) the Louisiana Supreme Court, in clarifying the conduct proscribed by La. R.S. 14:68, reversed the defendant's conviction for unauthorized use of a movable under circumstances where the defendant had retained possession of a television set following default in rental payments. The Court held that the retention of the television set after the default in rental payments did not constitute "use without consent" or "use by fraudulent practices" for the purpose of the statute prohibiting the unauthorized use of a movable. In interpreting La. R.S. 14:68, the Louisiana Supreme Court expressly held that the "statute proscribing the unauthorized use of a movable requir[es] a showing or mens rea or criminal intent, since the `evil' state of mind of the actor normally distinguishes criminal acts (punishable by the state alone) from mere civil wrongs (actionable by private individuals against one another)."
In State v. Spencer, 97-811 (La.App. 5th Cir.1/27/98), 707 So.2d 119, this Court applied Bias and held that although R.S. 14:68.4 does not require a person to act with an intent to deprive the owner permanently of his property, the statute requires the existence of fraudulent intent, which may be proven by circumstantial evidence. Spencer, supra.
In Spencer, this Court found sufficient evidence to uphold the Defendant's conviction for unauthorized use of a motor vehicle when he took a vehicle from a car dealership for a test drive and did not return in a 24-hour period. Defendant argued there was insufficient evidence to prove he had the requisite criminal intent to commit the crime of unauthorized use of a motor vehicle. Citing testimony that the salesman did not give defendant permission to keep the car for 24 hours, this Court found that a rational jury could have found the requisite criminal intent beyond a reasonable doubt.
In the present case, the jury heard the testimony of the Defendant's supervisor who stated that the Defendant was to drive to and from Cameron on Friday, June 16, 2000, in one day. Thrasher explained that the Defendant was supposed to return the company vehicle on Friday. Thrasher spoke to the Defendant after he had dropped the crew off in Cameron and the Defendant stated that he would be back at the shop by 7:00 p.m. Thrasher testified that the Defendant was never authorized to take the vehicle for the weekend. In fact, Thrasher stated that employees are never permitted to take company cars home for the weekend. Furthermore, Thrasher testified that the Defendant never called the shop to report *194 that he was running late. And, Thrasher explained that the Defendant never returned any pages or answered his cell phone when the company tried to contact him Friday night after he did not return as scheduled.
From these facts, a rational juror could have concluded that the Defendant took the company vehicle over the weekend without his employer's consent. Furthermore, a rational juror could have reasonably found that the Defendant possessed the requisite criminal intent based on the Defendant's failure to respond to his employer's numerous attempts to contact him and his failure to communicate with his employer for almost 48 hours beyond the time in which the vehicle was due back to the shop. Thus, we find that the State proved all of the essential elements of the crime of unauthorized use of a motor vehicle, beyond a reasonable doubt.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO
By this assignment of error the Defendant requests that the record be reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990). The following errors are noted.
First, the habitual offender bill of information contains an error. It alleges that the Defendant was found guilty of violating La. R.S. 14:68 (unauthorized use of a movable) when, in fact, the Defendant was convicted of violating La. R.S. 14:68.4 (unauthorized use of a motor vehicle).
The purpose of a bill of information is to inform a defendant of the nature and cause of the accusation against him as required by the Louisiana Constitution, Article 1, § 13. A clerical error in the statutory citation does not require a dismissal of the bill or reversal of a conviction if the error or omission does not mislead the defendant to his prejudice. La.C.Cr.P. art. 464; State v. Anderson, 561 So.2d 189, 191 (La.App. 5th Cir.1990).
In State v. Jason, 99-2551 (La.App. 4th Cir.12/6/00), 779 So.2d 865, 873, the Fourth Circuit found that a typographical error in the multiple bill which listed the wrong date of one of defendant's convictions was not prejudicial to the defendant. The court reasoned that the Defendant knew which prior plea was being used in the multiple bill, since the bill contained the correct case number and section of court.
Likewise, in the present case, there is no indication that the Defendant was prejudiced by the clerical error in the statutory citation of his underlying conviction. The Defendant was initially charged with a violation of La. R.S. 14:68. The charge was later amended to La. R.S. 14:68.4. The multiple bill contains the correct case number, section of court and date of the Defendant's underlying conviction. Thus, the error in the statutory citation of the Defendant's underlying conviction in the multiple bill is harmless.
Also, we note that the trial judge did not properly advise the Defendant of the prescriptive period for post-conviction relief pursuant to La.C.Cr.P. art. 930.8 in that she failed to indicate when the prescriptive period began to run. The trial judge stated, "You have five days to appeal this conviction and a two-year period in which to seek post-conviction relief." The trial judge failed to inform the Defendant that the two-year period runs from when the conviction and sentence become final. Thus, the case must be remanded for the district court to send written notice of the prescriptive period, as provided in La. C.Cr.P. art. 930.8, and to file written proof *195 in the record that Defendant received said notice. State v. Roussel, 00-192 (La.App. 5th Cir.7/25/00), 767 So.2d 811, 819-820.
Accordingly, the Defendant's conviction for unauthorized use of a motor vehicle and his sentence as a habitual offender to five years imprisonment at hard labor are affirmed. The case is remanded to the district court to provide proof in the record of the Defendant's receipt of appropriate notice, under La.C.Cr.P. art. 930.8, of the prescriptive period for post-conviction relief.
CONVICTION AND SENTENCE AFFIRMED; CASE REMANDED.