JUDE G. GRAYOIS, Judge.
| {.Defendant, Alec Johnson, appeals his convictions of manslaughter, a violation of La. R.S. 14:31, and receiving stolen things, a violation of La. R.S. 14:69. On appeal, appointed appellate counsel has filed an Anders brief, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. After thoroughly reviewing the record, we agree with appellate counsel’s assertions. Accordingly, defendant’s convictions and sentences are hereby affirmed, and appointed appellate counsel’s motion to withdraw as counsel of record for defendant is hereby granted.

PROCEDURAL HISTORY

On April 7, 2011, a Jefferson Parish grand jury returned a true bill of indictment charging defendant, Alec Johnson, with one count of second degree murder, a violation of La. R.S. 14:30.1, and with one count of receiving stolen lathings, a viola *564 tion of La. R.S. ÍLGÍ).[1] Defendant was arraigned on April 11, 2011 and pled not guilty to both counts. Defendant thereafter filed several pre-trial motions, all of which were denied by the trial court.
On August 9, 2012, defendant withdrew his not guilty plea and pled guilty to the amended charge of manslaughter in Count 1, a violation of La. R.S. 14:31,[2] and further changed his plea to guilty as charged as to the remaining count of receiving stolen things. Defendant was thereupon sentenced to 40 years imprisonment at hard labor on Count 1, and 10 years imprisonment at hard labor on Count 2,- to run concurrently.
On November 26, 2012, defendant filed a pro se application for post-conviction relief requesting an out-of-time appeal, which was granted.

FACTS

The true bill of indictment against defendant, as amended, states that on December 26, 2010, defendant violated La. R.S. 14:31 in that he committed the manslaughter of Jose Rolando Guevara, and that on December 26, 2010, defendant also intentionally possessed a 1998 Ford Expedition belonging to Shelly Tigler, in violation of La. R.S. 14:69.
Prior to the trial court’s accepting defendant’s guilty plea, the State provided the following factual basis for the subject charges:
THE STATE:
If this case were to proceed to trial that State would prove beyond a reasonable doubt that on or before December 26, 2010, these three defendants, along with two other juvenile defendants, were driving around in a stolen Ford Expedition that had been stolen recently before that, and in that car was a .40 caliber handgun.
|/These five defendants drove around and decided to rob a group of Hispanic men who were on a carport preparing some food so they could get gas money.
The five got out of the car, approached the garage. Three of the defendants were wielding handguns, and during the course of that robbery were immediately upon retreat from that armed robbery where they did gain things of value from the victims. All three discharged their weapons and fled the scene.
Shortly after they were stopped after a chase by the Jefferson Parish Sheriffs Office where all five were apprehended. The ballistics would prove that the shot that killed Mr. Querva [sic[3]] was fired by the .40 caliber handgun. The handguns were all recovered, ballistically tested, and they were all fired during that crime, but that the killing shot for Mr. Querva [sic], the one time he was shot came from the .40 caliber handgun.
All the defendants were taken to the Jefferson Parish Sheriffs Office, waived their rights and gave statements. Four of the statements were consistent, one *565 was inconsistent, the one of Mr. Johnson.
Mr. Johnson then gave a second statement where he admitted to participating in the robbery and firing a gun, but didn’t admit to having the .40 caliber gun.
The State would also prove that Mr. Johnson was driving the stolen vehicle in which that .40 caliber gun was when the vehicle was stolen. After all of that evidence was presented to the jury in this case, the jury would say beyond a reasonable doubt that all three defendants were guilty, and therefore I have amended the charge of manslaughter as to Mr. Johnson, because I would be able to prove beyond a reasonable doubt because he fired the shot that killed Mr. Querva [sic], and to the armed robbery as to the other two defendants.

ANDERS BRIEF

Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4 Cir.1990), appointed appellate counsel has filed an Anders brief pursuant to Anders v. California, supra, and State v. Jyles, supra, asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed appellate counsel requests permission to withdraw as counsel of record for defendant.
|fiIn Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it. The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In State v. Jyles, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit, but must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.”
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines that there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion Rand order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
Defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to *566 raise on appeal. Counsel notes that no pre-rulings have been reserved for appellate review.[4] Counsel also indicates that defendant was informed of the sentences that he would receive. Counsel asserts that she has advised defendant that it would be in his best interest to dismiss the appeal and instead file an application for post-conviction relief. Appellate counsel filed a motion to withdraw as attorney of record and showed that she mailed defendant a copy of the brief filed on his behalf.[5]
The State responds that counsel has shown a thorough review and recitation of the procedural history of the case. The State further responds that defendant was advised of his Boykin[6] rights and waived those rights. The State argues that defendant expressly agreed to his sentences and waived review of any pre-plea non-jurisdictional defects.
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. The true bill as amended properly charged defendant. As required, it plainly, concisely, and definitely stated the essential facts constituting the offenses charged, and cited the statutes that defendant violated. It also sufficiently identified defendant and the crimes charged. Also, as reflected by the minute entries and commitment, defendant appeared at his arraignment, guilty plea proceedings, and sentencing. 17Further, defendant pled guilty to the amended bill. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and is precluded from seeking review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664.
Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept.
The record shows that defendant was aware that he was pleading guilty to one count of manslaughter and one count of receiving stolen things valued at over $1,500. On the waiver of rights form and during the colloquy with the trial court, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination. In open court, defendant indicated that he understood that he was waiving these rights by pleading guilty. Defendant further indicated that he had not been forced, coerced, or threatened to enter his guilty pleas.
 By signing the waiver of rights form, defendant indicated that he understood the sentencing ranges for his respective crimes, as well as the actual sentences he would receive. A defendant is precluded from raising a claim of excessiveness of *567 his sentence on appeal when the imposed sentence is the product of a plea agreement. La.C.Cr.P. art. 881.2(A)(2); State v. Cross, 06-866 (La.App. 5 Cir. | «4/11/07), 958 So.2d 28, 30. It is noted that defendant’s sentences fall within the sentencing range set forth in the respective statutes.[7]
Because appellate counsel’s brief demonstrates that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, defendant’s convictions and sentences are hereby affirmed and appellate counsel’s motion to withdraw as attorney of record for defendant is hereby granted.

ERRORS PATENT REVIEW

The record was reviewed for errors patent, according to La.C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La.1975), and State v. Wetland, 556 So.2d 175 (La. App. 5 Cir.1990). The following is noted.
As noted supra, in the body of the amended bill of indictment against defendant, the statute for manslaughter is incorrectly cited as “R.S. 14:30”; however, the amended bill elsewhere clearly states that Count 1 of the bill was amended to “14:31 (manslaughter)” as to this defendant.
The purpose of a bill of information is to inform a defendant of the nature and cause of the accusation against him as required by the Louisiana Constitution, Article 1, § 13. A clerical error in the statutory citation does not require a dismissal of the bill or reversal of a conviction if the error or omission does not mislead defendant to his prejudice. La. C.Cr.P. art. 464; State v. Anderson, 561 So.2d 189, 191 (LaApp. 5 Cir.1990). In the present case, the clerical error in the amended bill clearly does not prejudice defendant, inasmuch as he was plainly informed of the correct charges to which he pleaded as evidenced in both the colloquy transcript and waiver of rights forms. The correct statute for 19manslaughter is also indicated elsewhere in the amended bill and in the commitment. Thus, we find that the error in the statutory citation in the amended bill against defendant concerning defendant’s manslaughter conviction is harmless, and thus requires no corrective action. State v. Vamado, 01-367 (La.App. 5 Cir. 9/13/01), 798 So.2d 191.

CONCLUSION

Accordingly, defendant’s convictions and sentences are hereby affirmed. Appointed appellate counsel’s motion to withdraw as counsel of record for defendant is hereby granted.

AFFIRMED; MOTION TO WITHDRAW GRANTED

. In the same true bill of indictment, two other defendants, Timón Carto and Tyron Leone, were also charged with second degree murder.

. In the body of the amended bill of indictment against defendant, the statute for manslaughter is incorrectly cited as "R.S. 14:30”; however, the amended bill elsewhere clearly states that Count 1 of the bill was amended to "14:31 (manslaughter)” as to this defendant. See Errors Patent Review, infra, for discussion of this issue.

.According to the original and amended bill of indictment, the victim’s last name is spelled "Quevara”.

. The record shows that defendant pleaded guilty without reserving the right to appeal any adverse pre-trial rulings pursuant to State v. Crosby, 338 So.2d 584 (La.1976).

. Additionally, this Court sent defendant a letter by certified mail on April 25, 2013, informing him that an Anders brief had been filed on his behalf and that he had until May 17, 2013 to file a pro se supplemental brief. No supplemental brief has been filed by defendant.

.Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. With respect to defendant’s sentences, the sentencing range for manslaughter (La. R.S. 14:31) is not more than 40 years at hard labor. The sentencing range for illegal possession of stolen things (La. R.S. 14:69) is not more than 10 years at hard labor.