MARC E. JOHNSON, Judge.
1 yThis matter arises from the denial of a petition for preliminary and permanent injunction concerning the imposition of a one-day unpaid furlough in favor of Defendant/Appellee, Jefferson Parish School Board (“the Board”), and against Plaintiffs/Appellants, Jefferson Federation of Teachers, Ethel M. Austin, Shelia M. Bas-kin and Barbara Crosby Harney, from the 24th Judicial District Court, Division “J”. For the following reasons, we reverse the trial court’s ruling and grant the preliminary and permanent injunctions.
FACTS AND PROCEDURAL HISTORY
On June 7, 2011, the Board passed a motion which imposed a one-day unpaid furlough for the 2011-2012 school year on all non-instructional personnel, Appellants, due to budgetary considerations. The motion eliminated one work day for Appellants and reduced their pay by that day’s salary. On June 13, 2011, | ^Appellants filed a petition for preliminary injunction against the Board to prohibit it from imposing the one-day furlough.
The matter was heard before the trial court on June 30, 2011. Appellants and the Board stipulated that the hearing would serve as a hearing on both the preliminary injunction and the permanent injunction. The parties also stipulated that the furlough would result in a reduction in non-instructional employees’ salaries as compared to the previous school year. Ruling from the bench, the trial court denied the preliminary and permanent injunctions. The trial court found that LSA-R.S. 17:422.6 was not ambiguous and did not prohibit the Board from implementing a decrease in pay prior to the academic year, and the clauses in paragraph A of the statute were to be read separately. No written reasons for judgment were issued. Appellants filed a motion for devolutive appeal on July 7, 2011.
The sole issue raised by Appellants before this Court is whether the Board should be enjoined from reducing the annual salary of non-instructional school employees for the 2011-2012 school year below the amount of the annual salary paid to those employees during the 2010-2011 school year because it violates LSA-R.S. 17:422.6.
Parties may agree to consolidate the trial on the merits of a permanent injunction with the judgment issuing a preliminary injunction. Mary Moe, L.L.C. v. Louisiana Board of Ethics, 03-2220 (La.4/14/04); 875 So.2d 22, 29. A permanent injunction, after the parties agree to a consolidation of the trial on the merits and the rule of the preliminary injunction, is not subject to a manifest error standard of review; it is subject to de novo review. Id. As such, we will conduct a de novo review of the issue before us.
| .Appellants argue that under the rules of statutory construction, the Board’s decision to reduce the annual salary of school employees below the amount of annual salary paid during the previous school year violates LSA-R.S. 17:422.6. Appellants assert that the first paragraph of the statute mandates that school boards avoid two separate types of conduct: 1) reducing salaries below the amount paid the previous school year, and 2) reducing salaries during an academic year.
In opposition, the Board asserts that the true interpretation of the statute provides that the rate of pay, e.g., the amount of hourly wage or annual salary, an employee receives from one year to the next cannot be reduced. The Board argues that only the annual income is affected by the one-day furlough. Therefore, since the employees are being paid the same rate of *964 hourly wage and annual salary, the Board avers the statute has not been violated. The Board further avers that the legislature meant to prevent the revision of the rate of pay rather than the amount of pay; otherwise, the second clause of the statute would be superfluous. We disagree with the Board’s interpretation of the statute.
According to LSA-C.C. art. 2, legislation is a solemn expression of legislative will. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. Durio v. Horace Mann Ins. Co., 11-84 (La.10/25/11); 74 So.3d 1159, citing Sultana Corp. v. Jewelers Mutual Ins. Co., 03-360 (La.12/3/03); 860 So.2d 1112. The meaning and intent of a law is determined by considering the law in its entirety and all other laws concerning the same subject matter, and construing the provision in a manner that is consistent with the express terms of the statute and with the obvious intent of the lawmaker in enacting it. Id. The statute must, therefore, be applied and [ ^interpreted in a manner that is logical and consistent with the presumed fair purpose and intention the Legislature had in enacting it. Id.
LSA-R.S. 17:422.6 provides,
A.Notwithstanding any other provisions of law to the contrary, the amount of the hourly wage or annual salary paid to any school employee shall not be reduced for any school year below the amount paid to the school employee in hourly wage or annual salary during the previous school year, nor shall the amount of the hourly wage or annual salary paid to any school employee be reduced at any time during an academic year.
B. For purposes of this Section, the term “school employee” shall mean, without limitation, a teacher aide, paraprofessional, school bus driver, food service worker, clerical, custodial, and maintenance personnel, and any other employee of a city or parish school board, of a state school for the deaf, blind, spastic, or cerebral palsied, or of State School District No. 1 who is not required to hold a teacher’s certifícate as a condition of employment.
C. The provisions of this Section shall not apply to the reduction of any local salary funded, in whole or in part, from a revenue source requiring voter approval when such voter approval has not been obtained or when the reduction is necessary as a result of a decrease in revenues received from the production of or exploration for minerals, including severance taxes, royalty payments, bonus payments, or rentals.
D. Nothing in this Section shall be construed to prevent local school boards from reducing personnel or staff as may be necessary.
[Emphasis added].
From our interpretation, we find the statute is clear and unambiguous. The Board is prohibited from reducing a school employee’s hourly wage or annual salary to amount less than the amount paid during the previous school year; specifically, a reduction cannot be imposed during the academic year. However, a reduction can be imposed if it is within the confínes of paragraph C and is imposed prior to the commencement of the academic year.
In this matter, the Board is attempting to impose a one-day furlough that reduces Appellants’ annual salary to an amount that is less than the amount paid to | fithese employees during the 2010-2011 school *965 year, without having the requisite provisions of paragraph C of the statute. No matter which terminology is used, annual income or annual salary, the non-instructional school employees will not be allowed by the Board to earn the amount paid during the previous school year with a one-day furlough in place. While we acknowledge the Board’s attempt to find a suitable compromise between the employees’ interests and the monetary shortfall it has in the budget, we conclude that the imposition of a one-day furlough on non-instructional school employees is not allowed pursuant to LSA-R.S. 17:422.6.
For the foregoing reasons, we reverse the trial court’s denial of the preliminary and permanent injunctions and grant the preliminary and permanent injunctions sought by Jefferson Federation of Teachers, Ethel M. Austin, Shelia M. Baskin and Barbara Crosby Harney. It is hereby ordered, decreed and adjudged that the Jefferson Parish School Board is enjoined, restrained, and prohibited from imposing a one-day unpaid furlough on the non-instructional school employees for the 2011-2012 school year. The Jefferson Parish School Board is assessed the costs of this appeal.

REVERSED; JUDGMENT RENDERED