FREDERICKA HOMBERG WICKER, Judge.
|2This matter arises from the denial of a petition for preliminary and permanent injunction against the imposition of a one-day unpaid furlough, in favor of Defendant/Appellee, Jefferson Parish School Board, and against Plaintiffs/Appellants, Jefferson Federation of Teachers, Joyce Omega Blunt, Tina A. Mezquita, Carla M. Segura & Nathan Winesberry, from the 24th Judicial District Court, Division “J”. For the following reasons, we vacate the trial court’s ruling and remand this matter for further proceedings consistent with this opinion.
Facts and Procedural History
The parties have stipulated the following relevant facts. On July Ilth, 2011, at a duly noticed public hearing, the defendant passed a motion imposing a one-day unpaid furlough on all certified teachers for the 2011-2012 school year. This action reduced the pay of each certified teacher for the 2011-2012 school year by the amount of pay that teacher would have received for that day, had he or she worked. As a result of this furlough, certified teachers were to be paid for one day less during the 2011-2012 school year than they were paid in the 2010-2011 school year.
|oOn July 15, 2011, plaintiffs filed a petition for preliminary and permanent injunction to prohibit the defendant from implementing this one-day furlough. A hearing on these matters was held on October 17, 2011. At that hearing, the trial court rendered a judgment which denied the plaintiffs’ petition for preliminary and permanent injunction. Plaintiffs now appeal that judgment.
Discussion
At issue is whether La. R.S. 17:421.3(E)(1) prohibits the defendant from furloughing the plaintiffs and thereby reducing their salary by the amount they would have earned for that furloughed day. La. R.S. 17:421.3(E)(1) states in relevant part that:
... the amount of the annual salary paid to any teacher in any school year shall not be reduced below the amount of such salary paid during the previous school year, nor shall the amount of the annual salary paid to any teacher be reduced at any time during an academic year.
*899 Plaintiffs argue that under the rules of statutory construction, defendant’s actions are in plain violation of this law. Indeed, when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9. Here, it is undisputed that this furlough by the defendant will result in certified teachers being paid less than those teachers had been paid in the previous year.
Defendant argues first, that the language of La. R.S. 17:421.3(E)(1) prohibits it from lowering the rate of pay of the plaintiffs, not the actual amount paid. The argument is incorrect. Recently, this Court decided in Jefferson Federation of Teachers v. Jefferson Parish School Bd., 11-836 (La.App. 5 Cir. 4/10/12); 92 So.3d 962 (2012), that the plain text of a similar statute, La. R.S. 17:422.6, prohibited this defendant from furloughing its school employees and reducing the |4pay of those employees by the amount that they would earn for that day. La. R.S. 17:422.6 states in relevant part that:
Notwithstanding any other provisions of law to the contrary the amount of the hourly wage or annual salary paid to any school employee shall not be reduced for any school year below the amount paid to the school employee in hourly wage or annual salary during the previous school year, nor shall the amount of the hourly wage or annual salary paid to any school employee be reduced at any time during an academic year.
Laws on the same subject matter must be interpreted in reference to each other. La. C.C. art. 13. Above, La. R.S. 17:422.6, applies to “any school employee” and prohibits reductions in the school employees’ “annual salary” or “hourly wage.” In contrast, La. R.S. 17:421.3(E)(1), the statute at issue here, applies to “any teacher” and applies only to that teacher’s “annual salary.” While each of these laws applies to a different set of employees, they each offer essentially the same protection. This Court today reaffirms its reasoning in Jefferson Federation of Teachers, supra by holding that La. R.S. 17:421.3(E)(1) prohibits this reduction in the actual amount paid to teachers.
Defendant argues second, that even if La. R.S. 17:421.3(E)(1) erected such a prohibition, the trial court should be affirmed because La. R.S. 17:422.5 implicitly repealed La. 17:421.3(E)(1).[1] This argument is also incorrect. La. R.S. 17:422.5, provides in relevant part that:
Notwithstanding any other provision of law, no city or parish school board shall reduce the salary of any public elementary or secondary school teacher or any group thereof without first holding a public hearing for the purpose of allowing such teacher to appear and be heard at least thirty days before the reduction in salary shall occur....
Repeal is implied when a new law contains provisions that are contrary to, or irreconcilable with, those of the former law. La. C.C. art. 8. The defendant asserts |fiif La. R.S, 17:421.3(E)(1) is held to prohibit a reduction in teacher’s salary between successive academic years and within individual academic years, then La. R.S. 17:422.5 has no effect because even after a duly called hearing to reduce teachers’ pay, the pay of those teachers cannot be reduced. The defendant argues that this creates an irreconcilable conflict with the former law such that La. R.S. 17:422.5 should be deemed to have impliedly repealed La. R.S. 17:421.3(E)(1).
*900 Repeals by implication are not favored in our jurisprudence and this Court will only find an implicit repeal of a law when there is an irreconcilable conflict between two' statutes and where there exists no possible construction that could give both provisions effect. City of New Orleans v. Louisiana Assessors’ Ret. & Relief Fund, 2005-2548 (La.10/1/07); 986 So.2d 1, 15. Here, no irreconcilable conflict exists between La. R.S. 17:421.3(E)(1) and La. R.S. 17:422.5. It is conceivable that a school board could schedule a pay increase to take place in a future academic year, and then before that academic year starts, call a meeting pursuant to La. R.S. 17:422.5 to reduce the amount of the future pay increase. Further, it is conceivable that a school board, after a duly called meeting, could reduce the amount of pay that certain teachers were scheduled to receive under its salary scale. For example, at a duly called meeting, a school board could reduce the scheduled salary for the next year’s incoming first year teachers. This would satisfy La. R.S. 17:422.5 because of the duly called meeting and it would not violate La. R.S. 17:421.3(E)(1) because there would be no reduction in the total amount of pay within an academic year or between two academic years. Given these plausible reconciliations of these two laws, this Court finds that La. R.S. 17:422.5 did not repeal La. R.S. 17:421.3(E)(1).
In light of the foregoing, this Court vacates the trial court’s judgment rendered on October 17th, 2011, denying the preliminary and permanent | injunctions requested by the plaintiffs, and remands this case for further proceedings consistent with this opinion.

VACATED AND REMANDED

. La. R.S. 17:422.5 was repealed as of July 1, 2012 under Act 1 of the 2012 Legislature’s Regular Session.