MATHES v. SCHWING ET AL.

(April 29, 1929. Opinion and Decree.)

Milling, Godchaux, Saal and Milling, of New Orleans, attorneys for plaintiff, appellee.

J. C. Henriques and Frank T. Doyle, of New Orleans, attorneys for defendants, appellants.

## ON REHEARING.

JANVIER, J. The facts of this case are fully stated in the original opinion and it is unnecessary to repeat them here.

The rehearing was granted because we desired a fuller discussion of the question of the protection afforded by the traffic ordinance (to-wit, No. 7490 Commission Council Series) to a person not on the usual crossing, but emerging from behind a street car, and at a point forty or fifty feet nearer the center of the square than the usual pedestrian walk-way across the street.

In the original opinion it was held that portion of the ordinance (subsection (e) of article 1 of Section 1) which prohibits vehicles from passing street cars, when stopped or about to stop to take on or let off passengers, has no application and affords no protection to a pedestrian elsewhere than at the usual alighting place, or on the usual pedestrian walk-way.

Plaintiff now urges us to hold that the subsection to which we have just referred, instead of affording protection only to such pedestrians as are at the points mentioned by us, creates a danger zone which extends a reasonable distance beyond both ends of the car, and that all persons within this zone may assume that no car will enter and that such persons may rely on this assumption and need take no precautions whatever for their own safety.

Such a construction would be reasonable if the ordinance contained only those provisions relating to the other vehicles which are prohibited from entering such a danger zone, but it will not do to consider only those portions of the ordinance which are favorable to plaintiff, nor can we look at the ordinance section by section, or piece-

meal. It must be interpreted as a whole and we cannot give to one section a meaning which would nullify another. To interpret that section as is contended for by plaintiff would render meaningless paragraph (e) of Section 7, which provides:

"When alighting from street cars, pedestrians should be sure the way is clear before crossing behind the car."

Plaintiff contends that the use of the word "should" in paragraph (e) of Section 7 deprives this paragraph of any mandatory effect and makes out of it a mere declaration of a rule of safe conduct. Conceding that there is a distinction between the use of the word "shall" and the use of the word "should"—and it seems to us that some distinction was intended—the fact that such a provision is included in the ordinance evidences an intention of the framers thereof that, even with the inclusion in the ordinance of the prohibition against vehicles entering the danger zone, pedestrians should not be relieved from all duty to exercise care.

It is quite evident that whether paragarph (c) of Section 7 is mandatory, or is merely declaratory of a rule of safe conduct, it was grossly violated by young Mathes who, without an instant's hesitation, or even a glance into the direction from which danger was approaching, as was said in the original opinion, "suddenly emerged from behind the car and stepped into the side of the automobile." This court might have said "jumped" into the side of the automobile, because that is what young Mathes testifies he did.

Plaintiff argues that Jones vs. N. O. Ry. & Light Co., 123 La. 1060, 49 So. 706, is directly in point here and that under the principles announced therein we would be justified in awarding a judgment to plaintiff.

We do not think so, as we do not think that the Jones case is controlling here, because the ordinance which was invoked in that case did not contain a provision similar to that in the ordinance in question here and which provision requires persons passing around the back of street cars to look out for their own safety. In other words, if the ordinance in question here had merely contained the provision first referred to, to the effect that vehicles should not pass standing street cars, on this feature the Jones case might have been in point, but in the case now before us the ordinance contains not only that provision, but also the further provision that persons passing behind street cars should exercise care.

We think that the case of Shelly vs. Waguespack, 156 La. 258, 100 So. 417, is much more nearly in joint. In the Shelley case no ordinance was referred to as governing the actions either of the driver of the automobile or of the person crossing the street, and the court held that Mrs. Shelly was negligent in emerging from behind the street car without looking out for her own safety and in going into the path of the approaching automobile. As the court in that case said:

"While a person driving an automobile is required to exercise the greatest caution and prudence when passing street crossings used by pedestrians, a like duty devolves upon a pedestrian."

It seems to us that, although the purpose of the framers of the present traffic ordinance was to require that the automobile driver should not pass a standing street car, yet they did not intend to entirely relieve the pedestrian of the duty of exercising care. It seems, then, that although the defendants were negligent in entering the danger zone—and in passing let us say that we adhere to our former

opinion and do not believe that they were operating the car at an excessive rate of speed—such negligence would not authorize us to award damages if young Mathes himself violated either the mandatory or directory provisions of the ordinance, and if this violation contributed proximately to the unfortunate result. It is quite evident that, had young Mathes followed the provisions of the ordinance to which we have referred, he would have seen the automobile approaching and would not have stepped out from his position of safety.

A most interesting case, involving facts indentical with those presented here, is found in Day vs. Cunningham, 133 Atl. 855. The only difference as to facts between that case and the case before us is that there there was no statute or ordinance applicable, whereas here the duties of each of the parties were specifically prescribed by ordinance. In that case the court held defendant liable, but said:

"Nor is the defense of contributory negligence established. A pedestrian about to cross a road, or, as in the present case, to walk from a street car to the sidewalk, is not as a matter of law bound to look and listen. Shaw vs. Bolton, 122 Me. 234, 119 A. 801."

With us the contrary is true, for even without the ordinance it is held to be negligence to go into a place of known or obvious danger without looking, although the danger results only from the fact that the other party has violated its obligation to the public. Gibbons vs. N. O. Terminal Co., 1 La. App. 371.

It is contended that young Mathes should not be held to the same high degree of care which should be required of a full-grown person, and as authority for this contention plaintiff's attorney cites Shally vs. N. O. Public Service, Inc., et al., 1 La. App. 770. The evidence convinces us that young Mathes was a bright, energetic young fellow in the full possession of his facuities, and that it was negligence for him to do what he did do in this case, and that his age and experience were such that his actions can be held to constitute contributory negligence.

Counsel for plaintiff argues most ingeniously that Section 4 of the ordinance referred to has no application here because that section prohibits pedestrians from crossing streets except at street intersections, or diagonally, whereas, argues counsel, young Mathes was not crossing the street but was merely going from a point in the street to the sidewalk.

Whether, strictly speaking, Mathes was crossing the street or not is of little importance, because it was plainly the intention of the framers of the ordinance to prohibit pedestrians from being in the street elsewhere than at street intersections, and it seems to us to be splitting hairs to say that a person is not engaged in crossing a street merely because he has not traversed the entire street from curb to curb. Suppose he had alighted from an automobile instead of from a street car. Could it be argued that he was not in the street in violation of Section 4 of the ordinance? We think not.

Furthermore, sub-paragraph (c) of Section 7 of the ordinance applies the word "cross" to the very thing young Mathes was doing. This sub-paragraph provides:

"When alighting from street cars, pedestrians should be sure the way is clear before crossing behind the car."

We are therefore of the opinion that, although pedestrians who cross behind street cars at points other than the usual pedestrian walk-way are within the zone protected by the ordinance, they are not,

under such circumstances, relieved from the duty of taking ordinary precautions for their own safety.

We realize that the question presented is by no means free from doubt, but we believe that the decisions in Gibbons vs. N. O. Terminal Co. (supra), and in Shelley vs. Waguespack, (supra), are authority for the view that, even under the circumstances presented here, persons must exercise some small degree of care.

Were we authorized, under the jurisprudence of Louisiana, to weigh the negligence of the defendants against that of young Mathes, and to award a judgment in accordance with the result shown by the scales, we would have no hesitation in saying that the defendants would suffer as a result of that test, because, in our opinion, their negligence would greatly outweigh that of the young man. However, in this state, in spite of the provision of paragraph 13 of article 3556, Civil Code, the doctrine of comparative negligence is not recognized. Rice vs. Crescent City R. Co., 51 La. Ann. 108, 24 So. 791; Belle Alliance Co. vs. Texas, etc., R. Co., 125 La. 777, 51 So. 846.

In several cases, notably Legendre vs. Consumers Seltzer and Mineral Water Mfg. Co., 147 La. 122, 84 So. 517, the Supreme Court, in discussing situations very similar to that presented here, has held that the negligence of the injured party in stepping into the street in the path of approaching danger, was of sufficient gravity to prevent recovery. Such negligence, then, must have fallen either within the first or the second class set forth in the codal paragraph above referred to. If it fell in the first class and was gross, it would of course prevent recovery. Even if it fell in the second class and could be graded as "slight," it would still prevent recovery,

and it is only if it could be placed in the third class and graded as very slight that it would, in the language of the code, be excusable and would incur no responsibility.

Being of the view that the negligence of young Mathes, although not so great as that of the defendants, cannot be placed in the third class and graded as very slight, we are forced to the conclusion that it was of sufficient gravity to constitute contributory negligence and thus to prevent recovery.

It is therefore ordered, adjudged, and decreed that the decree originally rendered by this court be and it is reinstated, and accordingly it is now ordered that the judgment of the district court be annulled, avoided and reversed, and that plaintiff's suit be dismissed at his cost in both courts.