MARION F. EDWARDS, Chief Judge.
12This is Ernest Sam’s (“Sam”) (defendant/appellant) second appeal. The underlying appeal on his conviction is currently pending in this Court before the same panel, in companion case number 11-KA-469. This appeal pertains only to Sam’s multiple bill proceedings.
On October 26, 2010, Sam was convicted of armed robbery with a firearm. Thereafter, he was sentenced to forty years of imprisonment, plus an additional five-year term under the firearm enhancement provision of La. R.S. 14:64.3.
On October 29, 2010, the State filed a multiple offender bill of information, alleg *589 ing that Sam was a second felony offender based on his underlying conviction of armed robbery with a firearm and his prior conviction of simple escape. Sam denied the allegations in the multiple bill.
After a contradictory hearing, on December 9, 2010, the trial court found Sam to be a second felony offender. The trial court then vacated Sam’s original sentence and imposed an enhanced sentence of fifty-five years of imprisonment, to be served without benefit of parole, probation, or suspension of sentence. Sam then filed a timely motion for appeal.
IsOn December 10, 2010, Sam filed a Motion to Reconsider Sentence, which the trial court granted on January 27, 2010. The trial court then vacated Sam’s fifty-five-year enhanced sentence and resen-tenced him to fifty years at hard labor without benefit of probation, parole, or suspension of sentence.
The underlying facts of this case are contained in State v. Sam, 11-KA-469, the companion appeal to this case. In appealing his sentence, Sam first argues that the trial court imposed an excessive sentence. In the present case, he filed a motion to reconsider his first multiple offender sentence, in which he argued that his fifty-five-year sentence should be reduced because he was only nineteen years old at the time of the offense and his co-defendants received much lighter sentences although they were equally culpable. He further referenced the court’s authority to deviate from the sentencing provisions of the Habitual Offender Statute per State v. Dorthey.[1]
On January 27, 2011, the trial court granted Sam’s motion and reduced the sentence to fifty years. The trial court stated:
There is no question that this was a severe crime, and I don’t believe that the sentence was unconstitutional and that a Dorothy consideration is appropriate here. However, I am granting the motion to reconsider and vacating the previous judgment.
[A]t the time I sentenced [defendant], I was under the impression that there was an enhancement due because a gun was involved on top of what was required. And because of that, I added an additional five years over what I thought at the time was an appropriate sentence. So I’m correcting that now and sentencing [defendant] ... to 50 years at hard labor.
Thereafter, defense counsel noted his objection for the record, but he did not state the grounds upon which the objection was based. Sam did not file a second motion for reconsideration of sentence. This Court has held that the failure to make or file a motion to reconsider sentence, or to state the specific grounds upon 14which the motion is based, limits a defendant to a review of the sentence for constitutional excessiveness only.[2]
However, in the present case, our error patent review reveals the following:
It appears that the trial judge originally believed she was required to enhance Sam’s habitual offender sentence by five years under the firearm enhancement provision. It then appears from the transcript that she concluded the enhancement was not required, and, thus, she granted Sam’s motion to reconsider sentence and reduced his sentence by five years.
*590 In State v. Johnson,[3] this Court found that the trial court’s failure to impose the mandatory five-year firearm enhancement rendered defendant’s sentence indeterminate and remanded for resentencing. In Johnson, the trial court found defendant to be a second felony offender and imposed an enhanced sentence of forty-nine and one-half years at hard labor for the crime of armed robbery with a firearm. This Court stated that, despite the mandatory language of the penalty provision of La. R.S. 14:64.3, the trial judge failed to impose a separate, consecutive five-year sentence. We further noted that La. R.S. 14:64.3 was applicable to an enhanced sentence imposed under La. R.S. 15:529.1.[4]
Similarly, in the present manner we find the sentence to be indeterminate and illegally lenient for the apparent failure of the trial court to impose a separate, consecutive five-year firearm enhancement. Therefore, we vacate the sentence and remand for resentencing, pretermit-ting for the time being the argument of Sam regarding his sentence.
IñOur error patent review further reveals that the multiple offender bill of information states Sam was found guilty of violating the firearm enhancement penalty of La. R.S. 14:64.3 but does not include the underlying statutory citation of La. R.S. 14:64 for armed robbery.
The purpose of a bill of information is to inform a defendant of the nature and cause of the accusation against him as required by the Louisiana Constitution, Article 1, § 13. A clerical error in the statutory citation does not require a dismissal of the bill or reversal of a conviction if the error or omission does not mislead defendant to his prejudice.[5]
In the present case, there is no indication that Sam was prejudiced by the omission of the statutory citation for his underlying conviction of armed robbery, in violation of La. R.S. 14:64. The multiple bill did correctly state that Sam was found guilty of armed robbery with a firearm in violation of La. R.S. 14:64.3, and the multiple bill contained the correct case number, section of court, and date of his underlying conviction. Thus, we find the error in the statutory citation of Sam’s underlying conviction in the multiple bill is harmless.[6]
For the foregoing reasons, the sentence is vacated and the case remanded for re-sentencing in accordance with this opinion.

SENTENCE VACATED; REMANDED FOR RESENTENCING

. 623 So.2d 1276 (La.1993).

. La.C.Cr.P. art. 881.1; State v. Bolden, 04-1000, p. 3 (La.App. 5 Cir. 3/1/05), 901 So.2d 445, 447, writ denied, 05-2030 (La.4/28/06), 927 So.2d 279.

. 08-1156, pp. 16-17 (La.App. 5 Cir. 4/28/09), 9 So.3d 1084, 1094, writ denied, 09-1394 (La.2/26/10), 28 So.3d 268.

. Id. at 1094 (citing State v. King, 06-1903, p. 1 (La. 10/16/07), 969 So.2d 1228). See also, State v. George, 09-886, p. 18 (La.App. 5 Cir. 3/23/10), 39 So.3d 671, 683, writ denied, 10-1984 (La.9/16/11), 69 So.3d 1135.

. La.C.Cr.P. art. 464; State v. Anderson, 561 So.2d 189, 191 (La.App. 5 Cir. 1990); State v. Conner, 08-0473 (La.App. 4 Cir. 10/1/08), 996 So.2d 564, 569.

. See, e.g., State v. Varnado, 01-367 (La.App. 5 Cir. 9/13/01), 798 So.2d 191.