JUDE G. GRAVOIS, Judge.
12Pefendant, Ernest Sam, has appealed the sentence imposed as a result of his adjudication as a second felony offender. For the reasons that follow, defendant’s sentence is affirmed.

PROCEDURAL HISTORY

Defendant was convicted of armed robbery with a firearm and was sentenced to 40 years imprisonment. In State v. Sam, 11-469 (La.App. 5 Cir. 2/14/12), 88 So.3d 580, this Court, affirmed defendant’s conviction. After his conviction, defendant was adjudicated a second felony offender and was sentenced to 55 years imprisonment. He then filed a motion to reconsider sentence, which was granted by the trial court. The trial court then resentenced him to 50 years imprisonment. In State v. Sam, 11-470 (La.App. 5 Cir. 2/14/12), 88 So.3d 587, this Court found that the trial court erred in failing to impose a separate, consecutive, five-year firearm enhancement sentence, pursuant to LSA-R.S. 1.44:64.3. The multiple offender sentence was thus vacated as being illegally lenient, and the matter was remanded for resen-tencing. On remand, defendant was sentenced to 54½ years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. The sentence consisted of 49½ years as a second felony offender for armed robbery and a consecutive five-year sentence pursuant to LSA-R.S. 14:64.3. This timely appeal followed.
ASSIGNMENT OF ERROR — excessive sentence
In his only assignment of error, defendant argues that his sentence is ex *990 cessive in light of the trial court’s failure to order a presentence investigation and its failure to consider defendant’s personal history and prior record. In support of this argument, defendant alleges that his role in the crime and his culpability were minimal, that he has an eleventh grade education, and that he has only one prior non-violent felony conviction.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1, 4. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. Id. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lobato, 603 So.2d 739, 751 (La.1992).
In reviewing the issue of excessive sentence on appeal, the only relevant question is “ ‘whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.’ ” State v. Soraparu, [497— 1027 (La.10/13/97), 703 So.2d 608 (per curiam ) (internal quotations in original, citations omitted). To find a sentence excessive, this Court must determine that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals, and therefore, is nothing more than the needless imposition of pain and suffering. State v. Guzman, 99-1528 (La.5/16/00), 769 So.2d 1158, 1167 (citation omitted).
Defendant argues that the trial court failed to take into account the specific mitigating factors that he did not “bring the firearm,” did not order the victim to surrender her car keys or lie in the grass, and did not drive off in the victim’s vehicle; rather, he was only observed riding in the vehicle. Defendant also points out that his prior felony conviction was for a non-violent offense.
At the time of the offense,[1] LSA-R.S. 15:529.1(A)(l)(a) provided:
If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction.
LSA-R.S. 14:64(B), at the time of the offense,[2] provided: “Whoever commits the crime of armed robbery shall be imprisoned for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence.” Accordingly, since the offense of armed robbery is punishable by imprisonment for a term less than natural life, LSA-R.S. 15:529.1(A)(l)(a) dictates a sentencing range of 49½ years to 198 years for a second felony offender. [.¡Defendant received the minimum sentence of 49⅜ years as a second felony offender.
Further, at the time of the offense, LSA-R.S. 14:64.3(A) provided:
*991 When the dangerous weapon used in the commission of the crime of armed robbery is a firearm, the offender shall be imprisoned at hard labor for an additional period of five years without benefit of parole, probation, or suspension of sentence. The additional penalty imposed pursuant to this Subsection shall be served consecutively to the sentence imposed under the provisions of R.S. 14:64.
Since defendant was convicted of armed robbery with a firearm, he was required to receive an additional five-year consecutive sentence, which he did. Clearly, defendant’s sentence of 54⅜ years is within statutory limits. Compliance with sentencing guidelines pursuant to La.C.Cr.P. art. 894.1 is not required when the sentence imposed is statutorily prescribed under the Habitual Offender Law. State v. Howard, 10-541 (La.App. 5 Cir. 4/26/11), 64 So.3d 377, 385, writ denied, 11-1073 (La.12/2/11), 76 So.3d 1173.
In the instant case, defendant’s sentence of 49⅛ years is the mandatory minimum for a second felony offender with an underlying armed robbery conviction. Likewise, the five-year enhancement under LSA-R.S. 14:64.3 is also mandatory. Hence, the trial judge was not required to comply with La.C.Cr.P. art. 894.1 and/or consider mitigating circumstances in sentencing defendant.
As noted above, although a sentence is within statutory limits, it can be reviewed for constitutional exeessiveness. State v. Smith, supra. It is presumed that the mandatory minimum sentence under the Habitual Offender Law is constitutional. State v. Taylor, 06-839 (La.App. 5 Cir. 3/13/07), 956 So.2d 25, 28, writ denied, 06-0859 (La.6/15/07), 958 So.2d 1179. In order to rebut the presumption of constitutionality, the defendant must clearly and convincingly show that he is “exceptional, which ... means that because of unusual | (¡circumstances this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense and the circumstances of the case.” Id. Downward departures from the minimum sentence mandated by LSA-R.S. 15:529.1 should only occur in rare situations. Id. When evaluating whether the defendant has met his burden, the trial court must be mindful of the goals of the Habitual Offender Law, which are to deter and punish recidivism. Id.
Defendant complains that the trial court did not order a presentencing report prior to imposing sentence. Defendant does not explain what factors could or would have been discovered in such a report to prove he was entitled to a downward departure from the mandatory minimum sentence. Defendant does point out that he was a teenager at the time this crime was committed. However, a defendant’s age is insufficient justification for a downward departure. State v. Lee, 09-37 (La.App. 5 Cir. 05/12/09), 15 So.3d 229. Defendant further argues that his prior conviction was for a non-violent offense. While a defendant’s record of non-violent offenses may play a role in a sentencing judge’s determination that a minimum sentence is too long, this cannot serve as the only reason, or even the major reason, for declaring such a sentence excessive. State v. Johnson, 97-1906 (La.03/04/98), 709 So.2d 672.
Defendant’s statement to the police, which he sought to have suppressed, indicates that he was the one who pointed the gun at the 'victim. State v. Sam, 11-469 (La.App. 5 Cir. 2/14/12), 88 So.3d 580, 584. Further, the Louisiana Supreme Court recognized that the crime of armed robbery “is a pernicious offense” which “creates a great risk of emotional and physical harm to the victim, to witnesses, and, at times, even to the offender.” State ex rel. *992 Sullivan v. Maggio, 432 So.2d 854, 856 (La.1983). Moreover, our jurisprudence has recognized that sentences |7ranging from 25 to 50 years imprisonment at hard labor are not excessive for the offense of armed robbery, even when imposed on first offenders. State v. Celestine, 12-0241 (La.7/2/12), 92 So.3d 335, 336.
Based on our review of the record, and taking into consideration defendant’s participation in this crime, as well as the violent nature of the crime, defendant’s criminal history, and the jurisprudential expression that a sentence ranging from 25 to 50 years for the crime of armed robbery is not excessive, we find that defendant has failed to rebut the presumption that the mandatory minimum sentence imposed is not constitutionally excessive. He has not shown that his case is exceptional, warranting a downward departure from the mandatory minimum sentence. Consequently, the trial judge did not abuse her discretion in sentencing defendant to 49½ years as a second felony offender, nor in imposing the consecutive 5-year sentence pursuant to LSA-R.S. 14:64.3.

ERRORS PATENT DISCUSSION

Defendant requests an errors patent review. However, this Court routinely reviews the record for errors patent in accordance with La.C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La.1975), and State v. Wetland, 556 So.2d 175 (La.App. 5 Cir.1990), regardless of whether the defendant makes such a request. Our review of the record before us indicates there were no errors patent requiring correction.

CONCLUSION

For the foregoing reasons, defendant’s sentence is affirmed.

AFFIRMED

. The Louisiana Supreme Court has held a defendant should be sentenced pursuant to the version of LSA-R.S. 15:529.1 in effect at the time of the commission of the charged offense. State v. Parker, 03-0924 (La.4/14/04), 871 So.2d 317, 326.

. It is well settled that the law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer. State v. Sugasti, 01-3407 (La.6/21/02), 820 So.2d 518, 520.