FREDERICKS HOMBERG WICKER, Judge.
|2The defendant/appellant appeals his conviction and sentence for simple burglary in violation of La. R.S. 14:62. He contends that it was error for the trial court to increase his bargained-for six-year sentence by two additional years. While defendant was aware of the alternate sentence that would be imposed for failure to abide by the terms of the plea agreement set forth on the record at the time of the plea, the record does not clearly reflect that the preconditions for nullifying the agreed upon plea bargain were met. Therefore, we remand this case to the district court for further proceedings.
Background
The defendant/appellant, Mr. Nathaniel Hernandez, was charged by bill of information with simple burglary in violation of La. R.S. 14:62 on August 12, 2009. He initially pled not guilty to the offense but later withdrew his not guilty |splea and tendered a plea of guilty on October 15, 2009. Pursuant to the plea agreement, Mr. Hernandez signed a Waiver of Constitutional Rights Plea of Guilty Form {Boy- *1144 kin Form) acknowledging that he would be sentenced to six years imprisonment at hard labor and that no multiple bill would be filed against him. The trial judge agreed to defer sentencing to allow Mr. Hernandez time to attend to his affairs. The judge expressly noted, however:
So I’m going to give you until November 12th to show up, sir, for sentencing. If you show up on November 12th for sentencing on time at nine a.m. on November 12th, and you heard me say this a couple of times today, then your sentence will be — and you don’t get into any trouble between now and then, the sentence will be six years in the Department of Corrections. The State will no bill you and give you credit for time served. If you don’t show up, if you show up late, or you get in any trouble between now and then, then I’m free to sentence you as I please and I can tell you it will be more like 12 than six and the State is free to multiple bill you which could give you a sentence up to 24 years. Okay? And I promise you it will be closer to that than the six if I’ve got to come chase you. Do you understand?
(emphasis added).
Mr. Hernandez acknowledged that he understood the above conditions that were set forth on the record at the time of the plea.
Sometime after Mr. Hernandez’s guilty plea on October 15, 2009, but before his sentencing, Mr. Hernandez was arrested. The date of the act for which Mr. Hernandez was arrested during this time period is not in the record before this Court.
During the sentencing hearing, which occurred on November 12, 2009, the trial judge increased Mr. Hernandez’s sentence from the previously agreed upon six years, to eight years in the Department of Corrections with credit for time served. Mr. Hernandez’s increased sentence was due to trouble that Mr. Hernandez had gotten into, the trial judge stated:
|4The only thing that bothers me about that to be honest with you is, I’m giving him the eight kind of assuming that he was just wrong place, wrong time kind of thing ...
* ⅜ ⅜ ‡
I guess I’m saying if I find out for some reason that it’s not just wrong place, wrong time, and he was, in fact, receiving stolen things and had the weapon in his possession and not spending time with his son which is what I was led to believe, then, I’m going to give him the 12 and hope the state bills him.
Mr. Hernandez moved to reconsider the sentence on December 4, 2009, on the basis that the sentence was in contravention to his plea agreement. The trial court denied the motion on January 12, 2010. Mr. Hernandez then filed an application for post-conviction relief on May 12, 2011, setting forth the same arguments as he did in his motion to reconsider sentence. The trial court, however, denied the motion on June 13, 2011. The order denying the motion reiterated the warnings given to Mr. Hernandez during the Boykin hearing, explaining that Mr. Hernandez had been arrested on unrelated charges after the Boykin hearing.
Mr. Hernandez sought supervisory review of the trial court’s denial of his application for post-conviction relief. In State v. Hernandez, 11-0692 (La.App. 5 Cir. 8/1/11) (unpublished writ), this Court transferred the writ application to the district court for consideration as an application for post-conviction relief seeking an out-of-time appeal. On remand, the trial court denied Mr. Hernandez’s application for post-conviction relief, as well as his request to seek an out-of-time appeal. Again, Mr. Hernandez sought supervisory *1145 review with this Court. We determined that the trial court erred in denying Mr. Hernandez’s request to seek an out-of-time appeal. State v. Hernandez, 11-0905 (La.App. 5 Cir. 12/8/11) (unpublished writ). We vacated the trial court’s ruling, granted the out-of-time appeal, and remanded the matter to the trial court. Id. On remand, the trial court granted Mr. Hernandez’s motion for appeal.
|fiOn this appeal, Mr. Hernandez contends that the trial court committed reversible error by increasing his bargained-for six-year sentence by two years. Discussion
La.C.Cr.P. art. 881.2(A)(2) provides that “the defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” It is well settled that a guilty plea is constitutionally infirm when a defendant is induced to enter that plea by a plea bargain or by what he justifiably believes was a plea bargain and that plea bargain is not kept. State v. Mitchell, 08-0629, p. 11 (La.App. 5 Cir. 1/13/09), 7 So.3d 744, 751, writ denied, 09-0254 (La.10/30/09), 21 So.3d 270 (citation omitted). In cases where plea agreements are breached, the defendant may demand either specific performance or withdrawal of the plea. Id. In this case, Mr. Hernandez contends that he is entitled to such relief due to a breach of the plea agreement he made with the State.
In State v. Roche, 09-0684 (La.App. 5 Cir. 3/23/10), 39 So.3d 706, 709, writ denied, 10-0930 (La.11/19/10), 49 So.3d 396, this Court held that the defendant was “precluded from challenging the excessiveness of his sentence on appeal because his sentence was imposed in conformity with a plea agreement that was set forth in the record at the time of the plea.” In that case, the trial court warned the defendant in open court that if he failed to appear he would not receive the 10 year bargained-for sentence but “rather he would face a possible maximum sentence.” Id. Despite the warnings, the defendant failed to appear for sentencing; and as a result, he received the maximum 30-year sentence. In that case, we stated that the “[defendant was clearly informed of the two possible sentences, which were dictated by his actions, when he entered his plea.” Id.
| (iHere, it is clear that Mr. Hernandez knew that he could only take advantage of the plea agreement if he stayed out of “trouble” between the time of the agreement and the time of his sentencing. The present case however differs from Roche because it is not clear when, or if, Mr. Hernandez breached his agreement to stay out of “any trouble” between the date of the plea agreement and the date of the sentencing. .While the record reveals that Mr. Hernandez was arrested after his plea agreement, it is not clear whether the offense for which Mr. Hernandez was arrested occurred before or after the trial court ordered Mr. Hernandez to stay out of “any trouble.” On the record before us, it is plausible that Mr. Hernandez first committed an act of “trouble” which made him subject to arrest, then second agreed to this plea agreement, then finally was arrested. If it were the case that the act of “trouble” came before this plea agreement, then it would be an error for the trial court to find that Mr. Hernandez had breached this plea agreement.
In light of this ambiguity, this Court hereby vacates defendant’s sentence and remands this case to the trial court for a determination of when the act occurred which may have violated the plea agreement and for further proceedings consistent with this opinion.
*1146 Errors Patent Discussion
The record was reviewed for errors patent according to La.C.Cr.P. art. 920. The review reveals that there are no errors patent.

SENTENCE VACATED, REMANDED FOR HEARING AND FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.