JUDE G. GRAVOIS, Judge.
| ^Defendant, Lilronald Williams, has appealed his sentences imposed as a result of his two convictions for armed robbery. For the following reasons, we vacate the sentences and remand the matter for re-sentencing.

FACTS AND PROCEDURAL HISTORY

On August 12, 2009, the Jefferson Parish District Attorney filed a bill of information charging defendant with two counts of armed robbery in violation of La. R.S. 14:64. Specifically, the bill reflected that the robberies were committed with a “Handgun as per 14:64.3.” Defendant proceeded to trial, and on July 1, 2010, a 12-person jury returned verdicts of guilty as charged on both armed robbery counts. On July 23, 2010, defendant filed a motion for a new trial, arguing that the verdict was contrary to the law and the evidence, that defendant had discovered a prejudicial error since the verdict, and that the ends of justice required a new trial.
IsOn September 17, 2010, defendant was sentenced to twenty-five years imprison *1181 ment on each count, to run concurrently ■with each other. After sentencing, defendant orally noted his intention to appeal the jury verdict. On October 15, 2010, defendant filed a motion to reconsider sentence, arguing that his sentences were excessive and harsh. A written notice of appeal was also filed on that date.
On appeal, this Court pretermitted defendant’s assigned errors, vacated defendant’s sentences, and remanded the matter for a ruling on defendant’s motion for a new trial. State v. Williams, 11-65 (La.App. 5 Cir. 12/13/11), 81 So.3d 908.
The record on remand indicates that defendant appeared on February 3, 2012 for resentencing; however, the minute entry for that date indicates that defendant expressed that he wanted to retain other counsel for resentencing and his resen-tencing was accordingly continued. Thereafter, on July 25, 2012, defendant filed a brief in support of sentencing. On July 27, 2012, defendant’s motions for a new trial and to reconsider sentence were denied. He was then resentenced to concurrent 25-year terms of imprisonment with the Department of Corrections on each count, to be served without the benefit of parole, probation, or suspension of sentence.
On August 16, 2012, defendant filed a written motion for appeal, which was granted.

ANALYSIS

In this, his second appeal, defendant argues that the trial judge failed to adhere to the 24-hour sentencing delay in accordance with La.C.Cr.P. art. 873 Rwhen he sentenced defendant immediately after the denial of defendant’s motion for a new trial. Defendant also argues that the sentences imposed were excessive.[1]
Upon review of the record in advance of addressing defendant’s assignment of errors, we note that when he resentenced defendant, the trial judge failed to reference the mandatory five-year firearm enhancement provision required by La. R.S. 14:64.3. Accordingly, we find that the trial judge imposed indeterminate sentences in this case for defendant’s armed robbery convictions.
La. R.S. 14:64.3(A) provides as follows: When the dangerous weapon used in the commission of the crime of armed robbery is a firearm, the offender shall be imprisoned at hard labor for an additional period of five years without benefit of parole, probation, or suspension of sentence. The additional penalty imposed pursuant to this Subsection shall be served consecutively to the sentence imposed under the provisions of R.S. 14:64.
Although the State filed a bill of information that referenced La. R.S. 14:64.3, the jury charges did not reference “armed robbery with a firearm.” Rather, the jury was instructed as to armed robbery with a dangerous weapon. Further, the written jury verdict sheet did not reference “armed robbery with a firearm.” At trial, however, the State presented evidence to show that guns were the only weapons used in the commission of the armed robberies.[2]
*1182 In sentencing defendant, the trial judge did not reference La. R.S. 14:64.3, nor did he state that he was imposing an additional consecutive period of incarceration when imposing the two 25-year armed robbery sentences. The record is clear that the State intended to utilize the provisions of La. R.S. 14:64.3; thus, the sentences imposed for the armed robbery convictions are indeterminate | ^because the trial judge did not state whether the sentences included the firearm enhancement. State v. Dorsey, 11-745 (La.App. 5 Cir. 4/24/12), 94 So.3d 49, 61, writ denied, 12-998 (La.10/12/12), 99 So.3d 39. In prior cases before this Court in which the trial court did not impose an additional penalty enhancement for the use of a firearm, this Court has held that the trial judge imposed an indeterminate sentence, which constituted an error patent, and required that the sentence be vacated and the matter be remanded for resentencing. State v. Declouet, 09-1046 (La.App. 5 Cir. 10/12/10), 52 So.3d 89, 109, writ denied, 10-2556 (La.4/8/11), 61 So.3d 681; State v. Johnson, 08-1156 (La.App. 5 Cir. 4/28/09), 9 So.3d 1084, 1094-95, writ denied, 09-1394 (La.2/26/10), 28 So.3d 268.[3]
Thus, because the trial judge failed to impose the mandatory five-year firearm enhancement sentences required by La. R.S. 14:64.3, we find that the sentences imposed are indeterminate. Accordingly, these sentences are vacated and this matter is remanded for resentencing. This ruling necessitates that we pretermit any discussion of defendant’s assignments of error.

CONCLUSION

For the foregoing reasons, defendant’s sentences are vacated and this matter is remanded for resentencing.

SENTENCES VACATED; REMANDED WITH INSTRUCTIONS

. Defendant has not raised any assignments of error as to his convictions.

. In State v. Dorsey, 11-745 (La.App. 5 Cir. 4/24/12), 94 So.3d 49, 61, writ denied, 12-0998 (La.10/12/12), 99 So.3d 39, and State v. Declouet, 09-1046 (La.App. 5 Cir. 10/12/10), 52 So.3d 89, 109, writ denied, 10-2556 (La.4/8/11), 61 So.3d 681, this Court recognized that the trial judge imposed indeterminate sentences in light of a reference by the State to La. R.S. 14:64.3 in the bills of information, even though the jury verdict sheet and the jury charges did not reference "armed robbery with a firearm,” when the State presented evidence at trial that guns were the only weapons used in the commission of the armed robberies.

. The same result was reached in State v. Long, 11-313, 11-314 (La.App. 5 Cir. 12/13/11), 81 So.3d 875, writ denied, 12-0251 (La.8/22/12), 97 So.3d 367, where this Court vacated the defendant's multiple offender sentence of 99 years, finding that it was indeterminate because the trial court failed to impose the mandatory five-year firearm enhancement sentence required by La. R.S. 14:64.3, and in State v. Sam, 11-470 (La.App. 5 Cir. 2/14/12), 88 So.3d 587, 590, where this Court found that the defendant’s sentence was indeterminate and illegally lenient because of the apparent failure of the trial court to impose a separate, consecutive five-year firearm enhancement. See also State v. Berroa-Reyes, 12-581 at 21-22 (La.App. 5 Cir. 1/30/13), 109 So.3d 487, where this Court recognized on error patent review that the trial judge did not specify what portion, if any, of the defendant’s 25-year sentence included the firearm enhancement penalty under La. R.S. 14:64.3, found the sentence indeterminate, vacated the sentence, and remanded for resentencing.