ROBERT M. MURPHY, Judge.
| ^Defendant, Deshane Morton, appeals his convictions and sentences for attempted second degree murder, armed robbery with a firearm, and possession of marijuana with intent to distribute. For the reasons that follow, we affirm defendant’s convictions and sentences.[1]
On November 29, 2012, defendant was charged with attempted second degree murder of Quedar Byssainthe in violation of La. R.S. 14:27 and 14:30.1, armed robbery of Quedar Byssainthe in violation of La. R.S. 14:64,[2] and possession of marijuana with intent to distribute in violation of La. R.S. 40:966(A). On February 28, 2013, defendant withdrew his former pleas of not guilty, and entered pleas of .guilty as charged to all three counts.
UAfter waiving sentencing delays, defendant was sentenced to ten years imprisonment on count one for attempted second degree murder in violation of La. R.S. 14:27 and 14:30.1, to fifteen years imprisonment on count two for armed robbery with a firearm in violation of La. R.S. 14:64.3, and to five years imprisonment on count three for possession of marijuana with intent to distribute in violation of La. R.S. 40:966(A). The trial court ordered all sentences to be served at hard labor and to run concurrently with each other. As to count one, the sentence was to be served without benefit of parole, probation, or suspension of sentence. As to count two, the trial court ordered the last five years of the sentence to be served without benefit of parole, probation, or suspension of sentence.
Thereafter, defendant filed a pro se application for post-conviction relief on January 16, 2014, wherein he requested an out-of-time appeal and an extension of time to file a motion for reconsideration of his sentence. The trial court granted defendant’s motion for out-of-time appeal and denied his motion for extension of time on February 24, 2014. Defendant’s appeal now follows.
Because defendant pled guilty without proceeding to trial, the following facts are taken from a limited record on appeal. Pursuant to the bill of information, on or about October 20, 2012, defendant attempted to commit the second degree murder of Quedar Byssainthe and committed an armed robbery of Quedar Byssainthe while armed with a dangerous weapon.[3] The bill of information further alleged that on or about October 23, 2012, defendant knowingly or intentionally possessed marijuana with the intent to distribute.
Defendant’s appellate, counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Accordingly, appellate counsel’s brief sets forth that it is filed in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493 (1967), and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), which set forth the procedure appellate counsel should follow when, upon conscientious review of a case, counsel finds an appeal would be wholly frivolous.
In the instant case, appellate counsel reviewed the procedural history of the case *54 in her brief. She sets forth that, after a review of the record, she has found no non-frivolous issues to present on appeal. Appellate counsel asserts that defendant’s plea was not entered under State v. Crosby,[4] and there were no pre-trial motion hearings. Appellate counsel specifically notes that she considered whether to raise the issue of excessiveness of the sentence, but ultimately concluded that this claim would be frivolous. Counsel contends that the trial court reviewed the plea, conducted a proper colloquy, and informed defendant of his sentence during the colloquy.
Accordingly, appellate counsel requests to withdraw from further representation of defendant. Appellate counsel advised this Court that she notified defendant of the filing of this motion, advising him of his right to file a pro se brief in this appeal. Additionally, we note that this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had a right to file a pro se supplemental brief. Defendant chose not to file a pro se brief.
This Court has performed an independent, thorough review of the pleadings, minute entries, bills of information, transcript, guilty plea colloquy, and guilty plea form in the appellate record. Our independent review reveals no non-frivolous issues or trial court rulings that arguably support an appeal. Accordingly, defendant’s convictions and sentences are affirmed. Appellate counsel’s motion to IfiWithdraw, which has been held in abeyance pending disposition of this matter, is granted.

Error Patent Review:

Appellate counsel requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990) regardless of whether a defendant makes such a request.
First, we note that defendant’s fifteen-year sentence on count two for armed robbery with a firearm in violation of La. R.S. 14:64.3 is illegally lenient because it was imposed without the correct restriction of benefits. La. R.S. 14:64(B) provides that “[w]hoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without, benefit of parole, probation, or suspension of sentence.” Therefore, defendant’s entire sentence on count two for armed robbery, pursuant to both La. R.S. 14:64 and 14:64.3, should have been imposed without benefits. Nevertheless, a statute’s requirement that a defendant be sentenced without benefit of parole, probation or suspension of sentence is self-activating under La. R.S. 15:301.1. See State v. Horne, 11-204 (La.App. 5 Cir. 2/14/12), 88 So.3d 562, 571, writ denied, 12-556 (La.6/1/12), 90 So.3d 437. Furthermore, according to the transcript, the State asked the trial court to clarify that the last five years of defendant’s fifteen year sentence on count two for violation of La. R.S. 14:64.3, would be served without the benefit of parole, probation or suspension of sentence pursuant to the statute. The trial court agreed and imposed defendant’s sentence on count two as per the five-year enhancement provision of La. R.S. 14:64.3 for armed robbery with a |fifirearm. Accordingly, we find that no corrective action regarding the restriction of benefits is necessary.
Finally, on count three, the trial court failed to impose the mandatory fine of not more than fifty thousand dollars as required by La. R.S. 40:966(B)(3) for pos *55 session of marijuana with intent to distribute in violation of La. R.S. 40:966(A). This Court has the authority to correct an illegal sentence at any time. La. C.Cr.P. art. 882. However, this authority is permissive rather than mandatory. State v. Ruffin, 13-393 (La.App. 5 Cir. 12/12/13), 131 So.3d 330, 341, writ denied, 14-66 (La.6/13/14), 140 So.3d 1194. In State v. Ruffin, supra, this Court noted the defendant’s indigent status and declined to correct an illegally lenient sentence where the district court failed to impose a mandatory fíne. Here, following Ruffin, due to defendant’s indigent status, we refrain from exercising our authority to correct his illegally lenient sentence.
CONCLUSION
Accordingly, for the foregoing reasons, we affirm defendant’s convictions and sentences for attempted second degree murder in violation of La. R.S. 14:27 and 14:30.1, armed robbery with a firearm in violation of La. R.S. 14:64.3, and possession of marijuana with intent to distribute in violation of La. R.S. 40:966(A), and grant appellate counsel’s motion to withdraw as attorney of record.

CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED

. This memorandum opinion is issued in compliance with Uniform Rules — Courts of Appeal Rule 2-16.1(B).

. On February 28, 2013, the State amended the bill of information to charge defendant with armed robbery with a firearm in violation of La. R.S. 14:64.3.

. The bill of information alleged that Roxanne Brown also committed the attempted second degree murder and the armed robbery of Quedar Byssainthe with defendant in this case.

. State v. Crosby, 338 So.2d 584 (La.1976).