MARC E. JOHNSON, Judge.
|Jn this domestic matter, Appellant, Craig James, challenges the amount of child support the trial court ordered him to pay and the determination that Appellee, Shameka Lavigne, is entitled to claim the minor child every year for income tax purposes. For the reasons that follow, we affirm the judgment of the trial court.
Craig James and Shameka Lavigne married in February 2008. One child was born of this marriage on December 8, 2011. Ms. Lavigne filed for divorce on October 3, 2013 and sought child support, spousal support, and to be the domiciliary parent in a joint custody arrangement. On January 13, 2014, the parties entered into a stipulated judgment, pending a later scheduled hearing, wherein the parties agreed to shared custody of the minor child and agreed that Mr. James would pay Ms. Lavigne $500.59/month in interim child support,[1] retroactive to October 3, 2013. The parties further agreed that Mr. James owed arrearages in the amount of $1,501.77, and that he would pay an additional $200/month until the arrears were paid in full.
A hearing on the issues of child custody, child support and spousal support was held on July 18, 2014. The trial court rendered judgment on July 24, 2014 | awarding the parties joint custody of the minor child with Ms. Lavigne designated as the domiciliary parent. It also ordered Mr. James to pay child support in the amount of $1,109.96/month through an income assignment. The trial court found Mr. James to be in arrearages in the amount of $3,805.61 and ordered that he pay an additional $90.04/month until the arrears were satisfied. The trial court further determined that Ms. Lavigne was entitled to claim the child every year for income tax purposes. Finally, the trial court denied Ms. La-vigne’s request for spousal support.
Mr. James appeals that portion of the judgment setting the amount of child support and determining Ms. Lavigne is entitled to claim the child for income tax pur *1165 poses. On appeal, he argues the trial court erred in calculating his gross income for purposes of child support because it failed to consider his loss of income and failed to credit him with the ordinary and necessary expenses for his business. As for the tax dependency deduction, Mr. James acknowledges that La. R.S. 9:315.18(B)(1)(2) allows him to claim the deduction only if he is not in arrearages. While he admits he is in arrears, Mr. James contends that he should be entitled to the deduction once he pays the arrears in full and, therefore, the trial court erred in awarding Ms. Lavigne the deduction “every year.”

Child Support

A child support award is entitled to great weight and will not be disturbed on appeal absent an abuse of discretion. Rutland v. Rutland, 13-70 (La.App. 5 Cir. 7/30/13); 121 So.3d 776, 781. Factual determinations made by the trial court will not be reversed absent a finding of manifest error. Ficarra v. Ficarra, 11-569 (La.App. 5 Cir. 2/14/12); 88 So.3d 548, 552.
LA determination of child support is made pursuant to La. R.S. 9:315.2. Under Subsection D, “[t]he court shall determine the basic child support obligation amount from the schedule in R.S. 9:315.19 by using the combined adjusted gross income of the parties and the number of children involved in the proceeding.”
La. R.S. 9:315(C)(3) defines “gross income” as:
(a)The income from any source, including but not limited to salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interest, trust income, recurring monetary gifts, annuities, capital gains, social security benefits, workers’ compensation benefits, basic and variable allowances for housing and subsistence from military pay and benefits, unemployment insurance benefits, disaster unemployment assistance received from the United States Department of Labor, disability insurance benefits, and spousal support received from a preexisting spousal support obligation;
(b) Expense reimbursement or in-kind payments received by a parent in the course of employment, self-employment, or operation of a business, if the reimbursements or payments are significant and reduce the parent’s personal living expenses. Such payments include but are not limited to a company car, free housing, or reimbursed meals; and
(c) Gross receipts minus ordinary and necessary expenses required to produce income, for purposes of income from self-employment, rent, royalties, proprietorship of a business, or joint ownership or a partnership or closely held corporation. “Ordinary and necessary expenses” shall not include amounts allowable by the Internal Revenue Service for the accelerated component of depreciation expenses or investment tax credits or any other business expenses determined by the court to be inappropriate for determining -gross income for purposes of calculating child support.
Thus, gross income is not limited to salaries, but includes income from any source including in-kind payments from self-employment which reduces the parent’s personal living expenses as well as the gross receipts from a business owned by the parent “minus ordinary and necessary expenses required to produce income.” Id.
This definition of gross income makes a clear distinction between the salary of an employed parent and income receipts from a parent’s ownership of a business. Scott v. Scott, 43,455 (La.App. 2 Cir. 8/13/08); 989 So.2d 290, 295. A parent cannot avoid all or part of his child support *1166 obligation by exercising exclusive control over a corporation wholly owned by him in order to limit his own salary. Id. at 294-95. A self-employed owner of a business is entitled to deduct from gross receipts of that business only those “ordinary and necessary expenses required to produce income.” Id. at 295. The party seeking the subtraction of “ordinary and necessary” expenses from the gross receipts bears the burden of proving the expenses are “ordinary and necessary.” The court is not bound by the parent’s designation of which expenses are “ordinary and necessary.” Dejoie v. Guidry, 10-1542 (La.App. 4 Cir. 7/13/11); 71 So.3d 1111, 1118, writ denied, 11-1779 (La.9/2/11); 68 So.3d 520.
Mr. James’ primary dispute with the trial court’s child support award concerns the trial court’s measure of his adjustable gross income. He claims the trial court failed to deduct the “ordinary and necessary expenses” from his gross receipts as shown by the documents he submitted into evidence, which included his bank statements and business and personal tax returns.
The trial court provided extensive reasons for judgment. In calculating the amount of child support owed, the trial court noted that Mr. James’ income was difficult to calculate as he presented no check stubs and was self-employed as the owner of Sparkling Touch, LLC, a janitorial business. The trial court further noted Mr. James presented tax returns from 2012 and 2013, which showed his 2012 income to be $17,300 and the gross receipts of Sparkling Touch to be $184,830 and his 2013 income to be $20,900 and the gross receipts of Sparkling Touch to be $212,279. The trial court stated that documents attached to Mr. James’ tax returns showed various expenses for Sparkling Touch. However, the trial court observed that those expenses included meals, mortgage payments, payments to various supermarkets, payments for home repairs and supplies, and various cash | ¡¡withdrawals. The trial court found there were no receipts supporting Mr. James’ claim that the cash withdrawals were used to purchase business equipment.
The trial court summarized all the evidence in detail and found Sparkling Touch’s expense sheets to be incomplete. The trial court specifically found that the evidence clearly showed that not all the expenses incurred by Sparkling Touch were “ordinary and necessary” business expenses. It further found the evidence, or lack thereof, showed that Mr. James was “less than forthcoming with the Court on the legitimate expenses of his business.” Based on the evidence, the trial court found Mr. James’ income to be $99,343.50, which it calculated by using his 2013 W-2 showing an income of $20,900 and adding itemized expenses for Sparkling Touch. The trial court found those expenses were not necessary for production of income but rather were used to reduce Mr. James’ personal expenses.
It is well settled that a district court’s conclusions of fact regarding financial matters underlying an award of child support will not be disturbed in the absence of manifest error. McClanahan v. McClanahan, 14-670, *12-13 (La.App. 5 Cir. 03/25/15), 169 So.3d 587, 593-594, 2015 La.App. LEXIS 553. We find the factual findings by the trial court are adequately supported by the record and are not manifestly erroneous.
During the hearing, Mr. James admitted that certain expenses listed for Sparkling Touch were for home repairs, “dirt work” done at his home, personal supplies, and a part of the home mortgage, which are clearly not “ordinary and necessary” business expenses required to produce income. Ms. Lavigne also testified that during the *1167 marriage, Mr. James paid all the house bills out of the Sparkling Touch account. Additionally, Mr. James provided no receipts for the use of numerous cash withdrawals for thousands of dollars to show the money was used for “ordinary and necessary” expenses related to his business.
|70n appeal, Mr. James fails to identify which expenses he believes were “ordinary and necessary” that were not deducted from the gross receipts by the trial court. Instead, he simply makes a broad allegation that the trial court failed to credit him with “ordinary and necessary” expenses as shown by the documents submitted into evidence. To the contrary, the trial court’s judgment clearly demonstrates that it carefully considered the evidence and found that not all of Mr. James’ claimed expenses were “ordinary and necessary” for purposes of the calculation of child support obligations. As such, the trial court added those specific identified expenses back into Mr. James’ income and refused to allow them to be deducted from the gross receipts. Thus, the trial court allowed some expenses as “ordinary and necessary” and disallowed others.
Mr. James further claims that the trial court failed to consider the fact that he lost his most lucrative business contract, causing a decline in his income and business profits from that shown on his previous tax returns. Conversely, the record shows the trial court specifically noted that Mr. James lost a substantial contract with St. John Parish in March 2014. However, as previously noted, the trial court found Mr. James was less than forthcoming with the. Court regarding financial matters pertaining to his business. The trial court rejected Mr. James’ income as stated on his tax returns as not setting forth his true income. We further note that although Mr. James testified that he recently lost his most lucrative contract, he testified that he continues to bid on new contracts and there was no indication that Mr. James would be unable to obtain new contracts in the regular course of his business throughout the year.
Upon review of the record, we do not find the trial court’s credibility determination that Mr. James was less than forthcoming regarding his legitimate business expenses or its calculation of Mr. James’ adjusted gross income was | ^clearly wrong. The record shows that Mr. James failed to demonstrate that all of his claimed “ordinary and necessary” expenses were required to produce income and should have been deducted from his gross receipts. By his own admission, some of the claimed expenses were for personal items and, therefore, the trial court properly excluded them from deduction from the gross receipts.

Tax Deduction

Mr. James next argues the trial court erred in allowing Ms. Lavigne to claim the minor child every year for income tax purposes. Under La. R.S. 9:315.18(B)(1), the non-domiciliary party whose child support obligation equals or exceeds 50% of the total child support obligation shall be entitled to claim the child tax dependency deduction if the obli-gor owes no arrearages. Mr. James admitted that he is in arrearages. Therefore, he is clearly not entitled to claim the child tax dependency deduction.
Mr. James contends that once he pays the arrears in full, he should be entitled to the deduction and, therefore, the trial court erred in allowing Ms. Lavigne to claim the tax deduction “every year.”' Once Mr. James fulfills his arrearages, his remedy is to bring a motion to modify the child support obligation to address this issue. See La. C.C. art: 142. We see no *1168 error in the trial court’s judgment in this regard.

DECREE

For the foregoing reasons, we affirm the trial court’s July 18, 2014 judgment ordering Mr. James to pay child support in the amount of $1,109.96/month and determining that Ms. Lavigne is entitled to claim the minor child for income tax purposes. Appellant, Craig James, is assessed costs of this appeal.

AFFIRMED

. This amount was calculated on the gross income of Mr. James being $110,000/year and the gross income of Ms. Lavigne being $68, 093/year.