STEPHEN J. WINDHORST, Judge.
|20n September 19, 2007, plaintiff, George Segerstrom, filed suit for damages arising out of an automobile accident on September 21, 2006. In his petition, he alleged'.that defendant, Desmond M. Julian, Sr., hit- the rear end of his vehicle while travelling on I — 10 in Jefferson Parish. At the time .of the accident, Mr. Julian was in the course and scope of his employment as a New Orleans Police Officer and was driving a 1996 Ford Ranger owned by the City of New Orleans (“the City”). Answers were filed by the City on February 12, 2008 and Mr. Julian on April 14, 2011. The record also contains a Motion to Substitute Counsel of Record filed *1118 on May II, 2011, and granted by the trial court on May 19, 2011, requesting that Derek Mercadal be stricken and Mary Katherine Taylor (now Mary Katherine Kaufman) be substituted.
No further action toward resolution of this case appears in the record until May 20, 2014, when the City filed an ex patrie motion to have plaintiffs suit dismissed as abandoned. The trial judge. granted the motion and dismissed plaintiffs suit on the same day.
On June 23,2014 and July 7, 2014, plaintiff filed pleadings in opposition to the motion to dismiss and moving to set aside the trial court’s order of dismissal. |aThe trial court denied plaintiffs motion on September 26, 2014. This appeal followed.
In this appeal, plaintiff contends that the trial court, erred in finding that a telephone conversation, which he contends was a Rule 10.1 conference, was not a sufficient step in the prosecution of this lawsuit to interrupt abandonment.
The trial court dismissed plaintiffs suit pursuant to La. C.C.P. art. 561, which provides in pertinent part:
A. (1) An action is abandoned when the parties fail to take any step in its ■prosecution or defense in the trial court for .a period of three years_
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested ■ person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The order ■ shall be served on the-plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to set aside the dismissal. However, the trial- court may direct that a contradictory hearing be held prior to dismissal.. .
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall -be deemed to be a step in the prosecution or defense of an action.
Article 561 requires three things: (1) that a party take some step in the prosecution or defense of the action; (2) that it be done in the trial court and, with the exception of formal discovery, on' the record of the suit; and (3) that it be taken within three years of the last step taken by either party. A party takes a step in the prosecution or defense of an action when he takes formal action "before the court intended to hasten the matter to judgment, or when he takes a deposition with or without formal, notice. Clark v. State Farm Mut. Auto, Ins. Co,, 00-3010 (La.5/15/01), 785 So.2d 779, 784.
Abandonment takes place by operation of law, and it is self-executing. It occurs automatically upon the passing of three-years without a step being taken by Leither party, and it is effective without court order. Lewis v. Comm’r of Ins., for La., 11-347 (La.App. 5 Cir. 12/13/11), 81 So.3d 890, 895. “Once abandonment has occurred, action by the plaintiff cannot breathe new' life into the suit.” Clark, supra, 785 So.2d at 789.
Whether an action has been ában-doned is a question of law and is therefore subject to de novo review on appeal. Vaughan v. Swift Transp. Co., 14-0208 (La.App. 5 Cir. 10/29/14), 164 So.3d 235, 237.
At the hearing on plaintiffs motion to set aside the trial court’s order .of dismissal, it was established that plaintiff propounded discovery to the City in Decern- *1119 bar of 2010. On January 11, 2011, plaintiff sent a letter to the City of New Orleans, requesting a Rule 10.1 conference, because the City had not responded to discovery.[1] Plaintiffs counsel states that he called the City’s attorney, but was unable to speak to him that day, On February 15, 2011, the City responded to the discovery.[2] Plaintiffs counsel did not attempt, at that time, to reschedule the conference by letter or phone call. At noted previously, Mr. Julian’s answer was filed on April 14, 2011.[3] Nothing further appears in the record, and ■ therefore on the face of the record the passage of three years, indicating that the case had been abandoned, was completed on April 14,2014.
I ,■¡Plaintiff attached to his opposition to the City’s motion to dismiss an affidavit from counsel, averring that on March 11, 2014, counsel called Mr. Mercadal, and was told that he was no longer counsel of record for the City. Plaintiffs counsel then called the City’s current counsel and left a voicemail asking for discovery answers, however, plaintiffs counsel did not mail a Rule 10.1 request at that time. Plaintiff contends that this telephone call was a continuation of the Rule 10.1 conference on January 11, 2011 and, as such, constitutes a step in the prosecution. The City argues
that this phone call does not constitute formal discovery and therefore does not interrupt the three year period for abandonment.
In oral reasons for judgment, the trial court found that the telephone call, coming three years after the request for a Rule 10.1 conference, and without a request letter to reschedule that conference, was insufficient to constitute a formal step in the prosecution. We, agree. At the time of the telephone call, there was no discovery outstanding and plaintiffs counsel had not objected to the discovery answers the City provided. Furthermore, there was no conference between counsel, but only a voiee mail left by plaintiffs counsel, asking the City’s counsel about discovery and requesting that she return his call. We too find that this phone call does not constitute a formal step in the prosecution. Our de novo review shows that the matter was abandoned on April 14, 2014, because no formal step in the prosecution had occurred for three years. The trial court did not err in dismissing plaintiffs claims pursuant to La. C.C.P. art. 561.
For the above' discussed reasons, we affirm the judgment of the trial court dismissing plaintiffs case as abandoned and denying plaintiffs motion to set aside or *1120 der of dismissal. All costs are assessed against plaintiff/appellant.
AFFIRMED.

. Uniform Rules of Court-District, Family & Juvenile Courts, Rule 10.1 provides;
Before filing any motion to compel discovery, the moving party or attorney shall confer in person or by telephone with the opposing party or counsel for the purpose of amicably resolving the discovery dispute. The moving party or attorney shall attempt to arrange a suitable conference date with the opposing party or counsel and confirm the date by written notice sent at least (5) days before the conference date, unless an earlier date is agreed upon or good cause exists for a shorter time,period. If by telephone, the conference shall be initiated by the person seeking the discovery responses. ’’

. Plaintiffs counsel contends that he did not receive the City's discovery responses'. The City produced both the responses, and a letter dated February 15, 2011, to show that the responses were mailed, A discovery request may be served by mailing a copy thereof to the adverse party at his last known address, or to his counsel of record, and service is complete upon mailing. LSA C.C.P. art. 1313(A).

.The City’s motion to substitute counsel filed on May 18, 2011, does not constitute a formal step in the prosecution, because “motions to withdraw, enroll or substitute counsel are not considered formal steps in the prosecution as contemplated by La. G.C.P. . art. 561.” Vaughan, 164 So.3d at 237.